We're going to move now to the fifth case of the day. This is Appeal No. 22-3078, Lourdes Guerrero v. Howard Bank, and we're going to begin with oral argument from Mr. Gorman. Mr. Gorman, we'll see if we can move down that lectern for you. Thank you. Good morning, Your Honors. Good morning. Mr. Gorman, you can take off your mask if you wish, and we'll get you close to that microphone so we can all hear. Thank you. All right, I'll do my best to speak. Very good. I'm Greg Gorman. I represent the plaintiffs in this matter, plaintiff appellants in this matter, appealing from the judgment of the district court, granting defendants 12B, 6, motion to dismiss, 2, counter-complaint, unjust enrichment, and slander of title. Now, the factual history and litigation history is complicated, but I don't believe the issues before this court are that complicated. Simply, does the complaint adequately plead unjust enrichment and slander of title? And if so, then district court should be reversed and the case should be remanded. Unlike the history of the case, the elements involved for unjust enrichment and slander of title are really pretty simple. For unjust enrichment, it's the defendant retaining benefits that belong to the plaintiff to the detriment of the plaintiff, which violates the principles of justice, equity, and good conscience. Does this violate the principles of equity, justice, and good conscience? I would say that's in the eye of the beholder. We believe that the facts as alleged are sufficient. Howard Bank has $150,000 of my client's money that they never owed it. They admit they never owed it. Why do they have it? Because my clients were put in a position where they would have lost that property if they did not sell it. We were going to a tax sale. My clients are not wealthy people. This is burdensome. The taxes were late. Nobody was paying the taxes. Unilesco had taken over the property. Mr. Gorman, it strikes me that the elements of the two claims here obviously have been with us for hundreds of years. Those haven't changed. The challenge in this case is sorting out the facts in the sequence and where those particular elements may or may not apply given that sequence. Is it your argument that Howard Bank was legally required to release the mortgage when the state court retroactively imposed this constructive trust? Yes. Why don't you develop that? What the appellate court determined was that Unilesco had no authority or right to affect that property. Three-quarters of it belonged not to her but to my clients. The district court focused on an argument I made in pleadings before it. She may have only owned one-quarter of the property, Yvonne, but she could mortgage that. That's not what she did. I don't disagree with that. Yes, she could mortgage her one-quarter, but she mortgaged the three-quarters that belonged to my client. That constructive trust, their ownership of that constructive trust preceded that mortgage. Wasn't the bank careful here to ensure that the mortgage did not exceed one-quarter of the value?  That was not a factor. What they were concerned about was getting Yvonne off that title. Because of this litigation, she gave it to her daughter, and her daughter took out the mortgage. Of course, we cannot plead conclusions or boilerplate language. As this court has said many times, the 12B6 motion goes to the factual allegations of the complaint, not the merits. How can you succeed in unjust enrichment theory, Mr. Gorman, if the mortgage to Howard Bank was paid off with less than one-quarter of the sales price? Because they took my client's money to pay somebody else's bill. But ultimately, your clients got their money from the sale of the property, and any amount that went to Howard Bank was less than Yvonne's quarter share. By the time it got to the mortgage, she didn't... I'm sorry. Do you understand my question? Pardon me? Do you understand my question? I think I do. The $150,000 was less than one-quarter of the share? Yes. Yes, but at that point, or by the time we got to this case, Yvonne did not even have the one-quarter share. That came later from a judge's view. Absent this mortgage, my clients would not have been paying one-quarter. They would not have been paying anything. That was somebody else's bill. I love my sister, but I don't want to pay her mortgage. And that's what happened here. My clients should have gotten every penny out of that closing. Yvonne would not have gotten one-quarter. She would have gotten nothing. Because there was a judgment against her. Mr. Gorman, would you like to reserve the remainder of your time for rebuttal? Yes, that would be fine. Very good. Thank you. We're now going to move to argument for the appellee. Mr. Lipinski. Thank you, Your Honor. If I may, I'd like to adjust this. I'll turn that back for opposing counsel. Thank you. May it please the Court. I am Mark Lipinski, and I am counsel for defendant and appellee Howard Bank, now known as First Bank of Pennsylvania. I am going to, for simplicity, refer to my client as Howard Bank. The plaintiffs, as counsel stated, are appealing the district court's dismissal of their second amended complaint. That second amended complaint, in turn, relates to an underlying state court dispute between the children of Mary Ozuka concerning the property located at 3731 North Kenmore Avenue, Chicago, Illinois. And I'm going to refer to that property as the Kenmore property. Complicating matters, title to that property for much of the relevant time period was in an Illinois land trust. In 2020, plaintiffs acquired a one-quarter interest in the Kenmore property under the terms of a 2020 agreed judge's deed. The deed is expressly consented to by Yvonne Lesko and Amaris Lesko. So this is not a court order, it's by agreement. So they acquired that last quarter interest in the Kenmore property again in 2020, that is, subject to the Howard Bank mortgage, which was recorded in 2016. So was Howard Bank legally required to release the mortgage when the plaintiffs obtained legal title in March of 2020? As the, well, no, because the judge's deed was subject to the mortgage to begin with. So we have the first recording of the deed, the plaintiffs acquired, however they acquired it, they acquired the property under the 2020 judge's deed, so they acquired it subject, they have notice of the prior interest. So there's no requirement to release that mortgage simply because they acquired a judge's deed by the consent of the borrowers subsequently. With their second amended complaint, the plaintiffs sought the refund of their payoff based on unjust enrichment and slander of title theories. They sold the property and that's acknowledged in their second amended complaint. They sold the property for $700,000. They paid out to Howard Bank a little over $146,000. in order to obtain the release of the property from the Howard Bank mortgage. That's less than a quarter of the value of the property, or the sales price of the property, I should say, which is $170,000. So they have a net amount on that transaction. And now they're complaining about that on unjust enrichment, they didn't lose anything. They knew that this property was subject to the mortgage, at least to the extent of Yvonne's interest in that property, when they got that last quarter. And they paid out less than that amount to Howard Bank. So that also goes to their issue on slander of title. With respect to slander of title, again, Howard Bank had a mortgage. Even assuming all the allegations of fact in the complaint as being true, Howard Bank had a mortgage that, by plaintiff's own theory, was valid with respect to one quarter of that property. So Howard Bank had a legitimate interest in that property. More than that, plaintiffs haven't suffered any damage.  in order to release that mortgage was the payment of less than the value of that one quarter interest. Again, the interest that they acquired was subject to the Howard Bank mortgage that last quarter. So that really goes to the heart of the case. There are a couple things that were brought in with the reply brief, I believe that are new. I'd like to address them briefly. One is that they suggest that Yvonne Lesko was subject to an injunction order at the time of the conveyance of the property to Amherst Lesko by the land trust and the coincidental, from a standpoint of timing, conveyance of the mortgage to Howard Bank in 2016. That really doesn't, as I believe was previously noted, the facts here are a bit convoluted, and that's a misstatement of the facts. There were three orders that were entered in the underlying state court litigation. One was the original judgment order in the state court litigation, which was between the siblings. The three plaintiffs here and Yvonne Lesko, the fourth sibling, they had their case in state court. Howard Bank was not part of that case. It was never part of that case. It was never joined in any way, shape, or form before or after the judgment, before or after the appeal. Howard Bank first found out about that case, at least from a litigation standpoint, was first brought into a lawsuit on this when this case hit the district court. Is there anything still going on in state court? Or is everything resolved in state court? The state court case is concluded. The judgment was released, and that we've cited in our brief, and we've cited to the record. There is a release of the judgment against Yvonne Lesko, and there is also, as part of the same document, an order vacating the prior judgment and dismissing the state court litigation. So there is nothing left of the state court litigation. No appeal? Not of that. That's after the appeal. That is after the appeal. That's from... That's fine, if it's in there. Thank you. I do have that. That's from 2021. And that's a copy of that release of judgment, and the order vacating the judgment and dismissing the plaintiff's case in the state court. That's provided at SA 20, supplemental appendix 20, attached to the appellee's brief. Coming back to the injunction point, there was an issue raised in the reply brief at pages 3 and 4, suggesting that Yvonne Lesko was subject to an injunction order during 2016 when the property was conveyed by the land trust to Amherst Lesko, and when the mortgage was conveyed by Amherst Lesko, then to Howard Bank. There was an injunction order against Yvonne Lesko saying that she could not transfer or hypothecate any interest in the Kenmore property. That was on January 22, 2016. That order was amended on January 29, 2016, and then the injunction provision of that order was vacated, and that's in our brief on April 26, 2016. We provide the citations to the record at page 7 of our brief. So as of April 26, 2016, there was no injunction order against Yvonne Lesko. The transfer of the trustee's deed to Amherst Lesko was dated July 1, 2016, recorded in December of 2016. The Howard Bank mortgages dated August 11, 2016, recorded on December 22, 2016, all after the injunction order was vacated. There's a suggestion that some issue with respect to the vacating of that injunction went up on the appeal in state court. Not so. That is noted in the appellate court decision. A copy of that, I believe, is attached to, yes, to the supplemental appendix that's reported at 2018 ILAP 1st 163087U, and the pertinent statement in the appellate court decision is at paragraph 71, where the appellate court states that the propriety of the court's order revoking the injunction is not properly before us and order dissolving an injunction is an interlocutory order immediately appealable as of right. And although the court's April 26, 2016 order is listed as an order or judgment appealed from in plaintiff's notice of cross appeal, an appeal from that order could only be taken within 30 days of its entry. So plaintiff didn't appeal from the vacating of that injunction. That vacating of the injunction was a final order, and there was no appeal from that, and it wasn't dealt with by the appellate court except to say that there was no further rights with respect to that injunction at the time this case made it to the state appellate court. With respect to the transfer of the property, I'm out of time. Thank you, Mr. Lipinski. Thank you, Your Honor. Thank you, Your Honors, and I respectfully request that the district court's judgment be affirmed. Very good. Thank you. You can put that lectern down. We'd appreciate it. Yes. Thank you very much. Thank you for the reminder. Thank you. Thank you, Mr. Lipinski. Mr. Gorman, I'll recognize you now for rebuttal argument, and you can take your mask down. I'd like to start off by going to your initial question to Mr. Lipinski. Thank you. Your initial question to Mr. Lipinski was, was the defendant required to release the mortgage when the plaintiffs received title in 2020? Well, actually, they received the title in 2016, so it goes way before all that. In 2020, the appellate court said, as a matter of law, this constructive trust goes back to the time of the bondless breach of fiduciary duty, which was 2016. Howard Bank knew about that because that's why they told Ivan Lesko, you've got to give this property to your daughter. So they were aware of this. They had actual notice. At the time they gave them the mortgage, they had actual notice that Ivan Lesko only had one-fourth of the property. So your answer to the question is yes, but Mr. Lipinski's point is that the bank wasn't part of the state court litigation. No, they weren't. The mortgage wasn't made while it was state court litigation was going on until it was on appeal. Any further points you'd like to make, Mr. Gorman? I think that I'd be happy to answer any questions. No further questions. Thank you, Mr. Gorman, and thank you, Mr. Lipinski. The case will be taken under advisement. We appreciate the advocacy of both parties.